IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Voice Tech Corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>Mycroft AI Inc.<br><br>        Defendant. | Case No. _____<br><br>Jury Trial Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Voice Tech Corporation brings the following complaint for patent infringement against Defendant Mycroft AI Inc.

**NATURE OF THIS ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Plaintiff Voice Tech Corporation ("Plaintiff") is a Texas corporation with an address at 1431 Hawthorne Avenue, Tyler, Texas 75702.

3. Defendant Mycroft AI Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Missouri with a place of business at 300 E. 39th Street, Kansas City, Missouri 64111. Defendant may be served through its registered agent, National Registered Agents, Inc., at 120 South Central Avenue, Clayton, Missouri 63105.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Based on information and belief, this Court has personal jurisdiction over Defendant because Defendant does business in this District and elsewhere in the State of Texas. Further, based on information and belief, this Court has personal jurisdiction over Defendant based upon its commission of one or more acts of infringement of Plaintiff's patents in this District and elsewhere in the State of Texas.

6.     Based on information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### OPERATIVE FACTS

7.     On October 17, 2017, United States Patent No. 9,794,348 ("the '348 patent"), entitled "Using Voice Commands from a Mobile Device to Remotely Access and Control a Computer," was duly and legally issued by the United States Patent and Trademark Office to Todd R. Smith. A true and correct copy of the '348 patent is attached hereto as **Exhibit 1**.

8.     On November 26, 2019, United States Patent No. 10,491,679 ("the '679 patent"), entitled "Using Voice Commands from a Mobile Device to Remotely Access and Control a Computer," was duly and legally issued by the United States Patent and Trademark Office to Todd R. Smith. The '679 patent is a continuation of the '348 patent. A true and correct copy of the '679 patent is attached hereto as **Exhibit 2**.

9.     Plaintiff is the owner of the '348 and the '679 patents with all substantive rights thereto, including the sole and exclusive right to enforce the '348 and the '679 patents against infringers, and to collect damages for all relevant times, including past damages.

### COUNT I:
### INFRINGEMENT OF THE '348 PATENT

10.    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 9 as if set forth fully herein.

11. Upon information and belief, Defendant has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '348 patent in the United States in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, importing, providing, supplying, and/or distributing without limitation, the products Mark I and Mark II.

12. Upon information and belief, Defendant will continue to infringe the '348 patent unless and until it is enjoined by the Court.

13. Upon information and belief, Defendant has infringed and continues to infringe the '348 patent with full knowledge of the '348 patent, and its infringement is willful.

14. Defendant has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '348 patent. Plaintiff will suffer irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '348 patent.

## COUNT II:
### INFRINGEMENT OF THE '679 PATENT

15. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 14 as if set forth fully herein.

16. Upon information and belief, Defendant has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '679 patent in the United States in violation of 35 U.S.C. § 271 by making, using, offering for sale, selling, importing, providing, supplying, and/or distributing without limitation, the products Mark I and Mark II.

17. Upon information and belief, Defendant will continue to infringe the '679 patent unless and until it is enjoined by the Court.

18.     Upon information and belief, Defendant has infringed and continues to infringe the '679 patent with full knowledge of the '679 patent, and its infringement is willful.

19.     Defendant has caused and will continue to cause Plaintiff irreparable injury and damage by infringing the '679 patent. Plaintiff will suffer irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '679 patent.

## JURY TRIAL DEMAND

20.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

1.      Judgment that one or more claims of the '348 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

2.      Judgment that one or more claims of the '679 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

3.      Judgment permanently enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '348 patent;

4.      Judgment permanently enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '679 patent;

5. Judgment awarding Plaintiff its damages in amounts sufficient to compensate it for Defendant's infringement of the '348 patent, together with prejudgment and postjudgment interest and costs, pursuant to 35 U.S.C. § 284;

6. Judgment awarding Plaintiff its damages in amounts sufficient to compensate it for Defendant's infringement of the '679 patent, together with prejudgment and postjudgment interest and costs, pursuant to 35 U.S.C. § 284;

7. That Defendant's infringement be found willful from the time that Defendant became aware of the infringing nature of its activities, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

8. That this Court declare this an exceptional case and award Plaintiff its reasonable attorney fees, expenses, and costs in accordance with 35 U.S.C. § 285; and

9. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: January 9, 2020

/s/ Eric M. Adams
Eric M. Adams
Lead Attorney
Texas Bar No. 24031686
TUMEY L.L.P.
5177 Richmond Avenue, Suite 1188
Houston, Texas 77056
(713) 622-7005
(713) 622-0220 fax
eadams@tumeyllp.com

ATTORNEY FOR PLAINTIFF
VOICE TECH CORPORATION